# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00597-CR

**Albert James Smith, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. D-1-DC-11-904048, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Albert Smith filed his notice of appeal in the trial court in September of 2011. The reporter's record was filed in this Court on December 8, 2011. Smith has filed a motion asking that we abate this case to the trial court because the reporter's record lacks a video recording of a statement Smith made to investigating officers. At trial, Smith moved to introduce the video under the rule of optional completeness. *See* Tex. R. Evid. 107. The trial court overruled the motion, but Smith requested that the video be included in the record in order to preserve the issue for appeal. The trial court indicated that the video would be included in the record, but for some unknown reason, the video is not in the reporter's record.

Smith asserts that this video is relevant to one of his issues on appeal, and thus requests that we abate this appeal and remand this cause to the trial court to incorporate the videotape into the reporter's record. *See* Tex. R. App. P. 34.6(e)(3) ("If the dispute [about accuracy of the

record] arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution."); *see also Amador v. State*, 221 S.W.3d 666, 677 (Tex. Crim. App. 2007) (explaining when appellate court should abate appeal to correct record).  We grant Smith's motion to abate this appeal to the trial court to oversee the completion of the reporter's record as requested.  *See* Tex. R. App. 34.6(e)(3).

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Abated

Filed:   August 23, 2012

Do Not Publish